**2016 UT App 7**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JILL GOFF,
Appellant.

Per Curiam Decision
No. 20150183-CA
Filed January 14, 2016

Third District Court, Tooele Department
The Honorable Robert W. Adkins
No. 141300057

Jacob L. Linares, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR., and
JUSTICE JOHN A. PEARCE.[1]

PER CURIAM:

¶1 Jill Goff appeals her sentence after pleading guilty to child abuse homicide. Goff argues that the district court abused its discretion in sentencing her to prison.

¶2 We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors, or if the sentence imposed is

_____

1. Justice John A. Pearce sat by special designation, as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(3).

clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (second alteration in original) (citation and internal quotation marks omitted). Finally, a "defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991).

¶3     Goff asserts that the district court failed to consider certain factors that mitigated against the imposition of prison sentence. More particularly, Goff argues that the district court failed to consider certain information included in a report prepared by her private investigator. The record demonstrates that while the district court had initially not reviewed the report prepared by Goff's private investigator, the court took a recess to review the report prior to conducting the sentencing hearing. Goff then referred to the mitigating factors set forth in the report during the course of the hearing. Thus, the district court did in fact have the opportunity to review all of the factors Goff wished the court to consider. In the end, the district court determined that other factors were more significant. Specifically, in making its decision, the district court referred to Goff's failure to seek medical assistance for her children after learning they had ingested methadone and her failure to provide that information to appropriate authorities when doctors were attempting to determine the cause of her children's conditions. Based upon the evidence presented to the district court, we cannot say that the court abused its discretion in sentencing Goff to prison. *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶4     Goff also argues that the district court wrongly considered information that was not relevant to the crime committed. Specifically, Goff asserts that the district court

improperly considered a statement in the her presentence investigation report (PSI) that indicated that Goff was selling methadone, thereby casting her as a drug dealer. However, Goff failed to preserve this claim. In order for Goff to have preserved this issue for appeal she must have entered a timely and specific objection—"'specific enough to give the trial court notice of the very error' of which [she] complains." *State v. Garner*, 2008 UT App 32, ¶ 11, 177 P.3d 637 (citation omitted). While Goff did allege that the statement was untrue, she never objected to its inclusion in the PSI, nor did she argue that the PSI should be altered to remove the reference or otherwise argue that the statement should be stricken from the record. Further, Goff fails to assert that any exception to the preservation rule applies to this case. Accordingly, the claim may not be raised on appeal. *See id.*

¶5    Affirmed.

—————————